1  TREVOR Q. CODDINGTON (CSB NO. 243,042)
2  trevor@insigne.law
   MARY GRACE L. JALANDONI (CSB NO. 333,019)
3  mjalandoni@insigne.law
4  INSIGNE PC
   5650 El Camino Real, Suite 130
5  Carlsbad, CA 92008
6  Telephone: (858) 227-6633
   Facsimile: (858) 504-6633
7

8  *Attorneys for Plaintiff*,
   Pathway Innovations Inc.
9

10              **UNITED STATES DISTRICT COURT**

11             **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  PATHWAY INNOVATIONS INC., a          CASE NO.:  **'22 CV 0709 TWR BGS**
14  Nevada corporation,
                                          **COMPLAINT FOR (1) FEDERAL**
15                          *Plaintiff*,   **TRADEMARK INFRINGEMENT**
                                          **UNDER 15 U.S.C. § 1114; (2) UNFAIR**
16  v.                                     **COMPETITION AND FALSE**
                                          **DESIGNATION OF ORIGIN UNDER**
17  LEARNING GLASS SOLUTIONS, INC.,        **15 U.S.C. § 1125(a); (3)**
18  a California corporation,              **TRADEMARK INFRINGEMENT IN**
                                          **VIOLATION OF CAL. BUS. &**
19                          *Defendant*.   **PROF. CODE § 14320 AND**
                                          **COMMON LAW; (4) UNFAIR**
20                                         **COMPETITION IN VIOLATION OF**
21                                         **CAL. BUS. & PROF. CODE §§ 17200,**
                                          ***et seq.*; AND (5) COMMON LAW**
22                                         **UNFAIR COMPETITION**
23
                                          **DEMAND FOR JURY TRIAL**
24

25

26

27

28

Plaintiff Pathway Innovations Inc. ("Pathway") complains and alleges against Defendant Learning Glass Solutions, Inc. ("LGS") as follows:

### PRELIMINARY STATEMENT

1.    Learning Glass's course of conduct over the last year and a half has been marred by its purposeful disregard for intellectual property law and rights. First, despite awareness of pre-critical date public uses and sales of products embodying LGS's United States Patent Nos. D809,600 and 10,523,893, LGS deliberately concealed its patent-barring activities from the United States Patent and Trademark Office (PTO) during the examination. Second, LGS purchased and has received 90 eGlass units from Pathway at a substantial discount through leverage of the ill-gotten patents, for which LGS refuses to tender payment. Third, ignoring Pathway's repeated objections and demands, LGS willfully uses Pathway's EGLASS, HOVERCAM, and PATHWAY trademarks without Pathway's license, authorization, or consent.

2.    Specifically, LGS is advertising, offering for sale, and selling "dynamic lightboards" named eGlass through its website https://www.learning.glass/. These products are branded as eGlass 35" and eGlass 50" on LGS's website https://www.learning.glass/product-line/. In addition, as shown below, LGS's website represents to consumers that these products are "designed in partnership with Hovercam."



*See* https://www.learning.glass/eglass/.

3.    Each eGlass unit includes Pathway's state-of-the-art video camera and processing software, among other electronics.

4.    As shown below, the eGlass product advertised, offered for sale, and sold by LGS features Pathway's registered trademarks EGLASS and HOVERCAM on the lower-left corner of the product's display and LGS's "Learning Glass" trademark on the lower-right corner of the product's display, which suggests to consumers an affiliation, connection, or association between Pathway and LGS.



5.    As shown below, the product packaging of the eGlass lightboards advertised, offered for sale, and sold by LGS features Pathway's registered EGLASS and HOVERCAM marks adjacent to LGS's "Learning Glass" trademark on multiple sides of the box, which also suggests to consumers an affiliation, connection, or association between Pathway and LGS.



6.    LGS's website https://eglass.io/support/ includes Pathway's name and mark PATHWAY. Further, the user manual made available by LGS online for display and download states, "eGlass is a trademark Pathway Innovations, Inc.," includes Pathway's registered EGLASS trademark, and states, "By Pathway." A true and correct copy of LGS's eGlass user manual is attached here as **Exhibit A**.

7.    LGS's use of EGLASS, HOVERCAM, and PATHWAY on or in connection with its advertising, offering for sale, and sale of "eGlass" lightboards is likely to cause confusion, mistake, or deceive consumers as to the source of such goods. In addition, such acts constitute false designations of origin, false or misleading descriptions of fact, or false or misleading representations that are likely to cause confusion, mistake, or deceive consumers as to the affiliation, connection, or association between LGS and Pathway, and as to the origin, sponsorship, or approval of LGS's goods or commercial activities by Pathway.

8.    LGS's acts are without the license, authorization, or approval of Pathway.

9.    On August 31, 2021, Pathway demanded via correspondence that LGS "cease and desist all further exploitation of Pathway's intellectual property including, but not limited to its eGlass trademark, proprietary Fusion software, and trade dress protected and patent-pending eGlass product design."

10.    On October 14, 2021, and October 26, 2021, the undersigned counsel followed up with respect to its August 31, 2021 letter and again requested that LGS, among other things, "[i]mmediatley discontinue use of EGLASS on its website and in connection with its promoting, offering for sale, and selling of any products."

11.    Despite Pathway's repeated demands, LGS persists in its unauthorized use of Pathway's EGLASS, HOVERCAM, and PATHWAY trademarks.

12.    On April 12, 2022, the PTO granted Pathway United States Registration No. 6703284 of EGLASS for "Electronic transparent writing glass device with an integrated camera for writing or drawing on the glass while looking through the glass to a viewer" in International Class 9.

13.    Pathway files this trademark infringement and unfair competition civil action to protect its EGLASS, HOVERCAM, and PATHWAY trademarks and clear the marketplace's confusion about the source of "eGlass" lightboards.

## THE PARTIES

14.    Pathway is a corporation duly organized and existing under the laws of the State of Nevada.

15.    LGS is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located in this District.

## JURISDICTION AND VENUE

16.    This is an action for trademark infringement and unfair competition arising under the trademark laws of the United States, namely, the Trademark Act of July 5, 1946, commonly referred to as the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as amended, and California statutory and common law.

17.    This Court has original jurisdiction over the federal trademark and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

18.    Supplemental Jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a).

19.    Venue is proper in the United States District Court for the Southern District

of California under 28 U.S.C. §§ 1391(b) and (c) because LGS resides in this judicial district, LGS is subject to the court's personal jurisdiction with respect to the civil action in question, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

## PATHWAY'S BUSINESS AND EGLASS MARK

20.    Pathway is a leading provider of educational tools, including visual presenters and teaching stations, and related software, and is known for its line of high-definition HoverCam® document cameras.

21.    Pathway's product line includes: "Document Cameras, Digital Teaching Stations, and eGlass Lightboards." *See* https://www.hovercam.com/

22.    Pathway[1] owns United States Registration No. 6703284 of EGLASS for "Electronic transparent writing glass device with an integrated camera for writing or drawing on the glass while looking through the glass to a viewer" in International Class 9 with a date of first use in commerce of February 16, 2021. Pathway's EGLASS trademark registration is valid and in full force and effect. A copy of said registration is attached and incorporated herein by reference as **Exhibit B**.

23.    Pathway's first use in commerce date is based on Pathway's sale of 200 eGlass U35" units to LGS. A true and correct copy of Pathway's sales receipt is attached as **Exhibit C**.

24.    Pathway owns United States Registration No. 4326527 of HOVERCAM for "Scanners; Electronic digital imaging devices for use in copying, printing, scanning, video capturing, and transmitting documents and images; Software for processing images, graphics and text; Downloadable software for use with electronic digital imaging devices for use in copying, printing, scanning, video capturing, and transmitting documents and

---

[1] The registrant, Pathway Innovations and Technologies Inc. d.b.a. Hovercam, is a wholly owned subsidiary of Pathway Innovations Inc.

images" in International Class 9 with a date of first use in commerce of January 1, 2009. Pathway's HOVERCAM trademark registration is valid and in full force and effect. A copy of said registration is attached and incorporated herein by reference as **Exhibit D**.

25.    Pathway owns United States Application Serial No. 90740163 of PATHWAY INNOVATIONS for among other things, "transparent writing glass with integrated cameras" in International Class 9 with an application filing date and/or constructive first use date of May 27, 2021. A true and correct copy of the PTO's Trademark Electronic Search System (TESS) status for said application is attached and incorporated herein by reference as **Exhibit E**.

26.    Pathway also owns substantial common law trademark rights associated with its marks "eGlass," "Hovercam," and "Pathway."

### LGS'S UNLAWFUL CONDUCT

27.    "Learning Glass grew out of a pilot project in 2014 at San Diego State University to study the effectiveness of lightboard video in online and face-to-face instruction." *See* https://www.learning.glass/overview-old/.

28.    LGS's product line includes "eGlass Units," "Learning Glass Units," "Studio Packages," "Studio Rental," and "Accessories." *See* https://www.learning.glass/product-line/.

29.    LGS advertises, offers for sale, and sells eGlass 35" and eGlass 50" lightboards on the "Product Line" webpage of its website. *Id.*

30.    As shown above, LGS's "eglass" webpage states that its eGlass lightboards are "Designed in Partnership with HoverCam®." *See* https://www.learning.glass/eglass/.

31.    Pathway's registered ELGASS mark appears on LGS's "eglass" webpage 11 times. An exemplary screenshot is shown below:

6



32.    Pathway's registered trademarks EGLASS and HOVERCAM are featured on the eGlass lightboards that LGS sells to consumers, Pathway's registered trademarks EGLASS and HOVERCAM are featured on product packaging, and Pathway's PATHWAY trademark is featured on LGS's website and the downloadable eGlass user manual, all without Pathway's license, consent, or authorization.

33.    LGS fraudulently induced Pathway to enter into a Joint Development and Marketing Agreement ("JDMA"), effective November 9, 2020, concerning, *inter alia*, the eGlass lightboards described herein.

34.    Assuming *arguendo* that the JDMA is valid, which Pathway contests, with respect to responsibilities, Pathway was, in pertinent part, to "[d]evelop, manufacture and provide Products for the Parties to sell" and "[m]arket, promote and sell Products under Pathway's own brand through Pathway's distribution channels." JDMA 2(a)(i)-(ii). In contrast, LGS was to "provide its LED lightboard related Background IP to Pathway, assist Pathway in engineering, and market and promote Products under Learning Glass's own brand through Learning Glass's distribution channels." JDMA 2(b)(i)-(ii).

35.    LGS is advertising, offering for sale, and selling eGlass lighboards bearing Pathway's registered EGLASS and HOVERCAM trademarks. LGS uses Pathway's PATHWAY trademark or a confusingly similar variation thereof in connection with LGS's

website and eGlass user manual.

36.    Again, assuming *arguendo* that the JDMA is valid, which Pathway contests, with respect to payments, "Pathway will compensate Learning Glass for its use of Learning Glass Background IP in development of Products," JDMA 4(a), and "Learning Glass may purchase Products (customized with Learning Glass's branding) from Pathway at [a discount]. Payment for Products purchased by Learning Glass under this Section shall be paid in full by Learning Glass within thirty (30) days of receipt of an invoice from Pathway," JDMA 4(b).

37.    On August 12, 2021, Pathway issued Invoice # 58791 dated 8/12/2021 to LGS for 30 eGlass U50" in the amount of $48,564; Invoice # 59045 dated 8/12/2021 to LGS for 30 eGlass U35" in the amount of $32,364; and Invoice # 59046 dated 8/12/2021 to LGS for 30 eGlass U50" in the amount of $48,564 for a total of 90 eGlass units at $129,492.00. To date, LGS has yet to tender payment to Pathway for such products.

38.    According to LGS's website https://www.learning.glass/eglass/, LGS sells and sold the eGlass 35" model for $2,199 and the eGlass 50" model for $3,299.

39.    Further, assuming *arguendo* that the JDMA is valid, which Pathway contests, with respect to licenses, ". . . each Party grants to the other a non-exclusive, non-transferable, royalty-free license to use each other's trade names, trademarks, logos and service marks (collectively, "Marks") in connection with the performance of this Agreement." JDMA 5(c)(i). In addition, with respect to the retention of rights, "[e]ach Party acknowledges and agrees that it shall <u>cease using the other Party's Marks immediately upon the request</u> of the other Party or termination of this Agreement, whichever occurs first." JDMA 5(d)(iv) (emphasis added). Moreover, with respect to the custom branding of products, "Pathway anticipates that it will brand its version of the Products as 'HoverCam eGlass' or 'eGlass.' Pathway will own any and all available trademarks to eGlass or any other distinctive branding of the Anticipated Products it may subsequently choose," JDMA 5(e)(i), and "Learning Glass will own any and all available trademarks to any distinctive branding of the Products that it may subsequently choose,"

JDMA 5(e)(ii).

40.    On August 31, 2020, Pathway demanded via correspondence that LGS " cease and desist all further exploitation of Pathway's intellectual property including, but not limited to its eGlass trademark . . . ." Based on the terms of the JDMA, after such date, LGS was prohibited from using Pathway's "eGlass," "Hovercam," and "Pathway" trademarks.

41.    Upon information and belief, despite not making the required payment pursuant to Paragraph 4(b) of the JDMA, LGS continues to use Pathway's EGLASS, HOVERCAM, and PATHWAY trademarks without Pathway's license, authorization, or consent.

42.    Alternatively, if the JDMA Agreement is null and void as Pathway contends, LGS's use of the marks "eGlass," "HoverCam," and "Pathway" on or in connection with lightboards occurred after Pathway's first use of "eGlass," "HoverCam," and "Pathway," on or in connection with the same goods, LGS's use is without Pathway's license, authorization, or approval, and LGS's use neither constitutes a fair or normative use of Pathway's trademarks nor is such use protected by the first sale doctrine.

43.    Upon information and belief, but for LGS's infringement, Pathway would have sold an additional 3000 eGlass units at an average price of $2,748 for $8,244,000.

44.    LGS's infringement of Pathway's federally registered EGLASS and HOVERCAM trademarks and Pathway's common law trademark rights is willful and flagrant.

45.    LGS's acts described above have caused, and unless restrained, will continue to cause irreparable damage and injury to Pathway, for which Pathway has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (FEDERAL TRADEMARK INFRINGEMENT)

46.    Pathway repeats, realleges, and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

9

47.    Pathway owns United States Registration No. 6703284 of EGLASS and United States Registration No. 4326527 of HOVERCAM.

48.    LGS has knowledge of Pathway's rights in the EGLASS and HOVERCAM trademarks at issue in this action.

49.    LGS, without the consent of Pathway, has used and is still using in commerce a reproduction, counterfeit, copy, or colorable imitation of Pathway's registered marks EGLASS and HOVERCAM in connection with the sale, offering for sale, distribution, or advertising of eGlass lightboards and such use is likely to cause confusion, mistake, or deceive consumers.

50.    LGS's acts constitute a deliberate and willful infringement of Pathway's federally registered EGLASS and HOVERCAM trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

51.    The acts and conduct of LGS alleged herein have damaged Pathway and will, unless restrained, further impair, if not destroy, the value of Pathway's EGLASS and HOVERCAM trademarks and the goodwill associated with said marks, causing irreparable harm for which Pathway has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (FEDERAL UNFAIR COMPETITION)

52.    Pathway repeats, realleges, and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

53.    Pathway has used the EGLASS trademark on or in connection with lightboards since February 16, 2021; Pathway has used the HOVERCAM trademark on or in connection with "[e]lectronic digital imagining devices for use in copying, printing, scanning, video capturing, and transmitting documents and images" a feature of the eGlass lightboard since January 1, 2009; and Pathway has used the mark PATHWAY or a confusingly similar variation thereof on or in connection with lightboards since February 16, 2021.

54.    LGS began using the marks "eGlass," "HoverCam," and "Pathway," or a

confusingly similar variation thereof in connection with lightboards after Pathway.

55.    LGS's use of Pathway's EGLASS, HOVERCAM, and PATHWAY trademarks is likely to cause confusion, mistake, or deceive consumers as to the affiliation, connection, or association between LGS and Pathway or such use is likely to cause confusion, mistake, or deceive consumers as to the origin, sponsorship, or approval of LGS's goods or commercial activities by Pathway all in violation of 15 U.S.C. § 1125(a).

56.    LGS's use of Pathway's EGLASS, HOVERCAM, and PATHWAY trademarks as alleged herein constitutes false designations of origin and false descriptions, and falsely represents to the public that LGS and the products that LGS is promoting and selling, namely, eGlass lightboards, are authorized by Pathway, endorsed by Pathway, sponsored by Pathway, or are connected in some way with Pathway.

57.    Pathway is and will be damaged by such false designations, false descriptions, and false representations in that the public is likely to be induced into dealing with LGS under the erroneous belief that LGS is authorized by Pathway, endorsed by Pathway, sponsored by Pathway, or are connected in some way with Pathway.

58.    LGS's acts constitute violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.    As a result of LGS's unfair competition, Pathway has suffered and continues to suffer irreparable harm for which Pathway has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT UNDER CALIFORNIA
### AND COMMON LAW)

60.    Pathway repeats, realleges, and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

61.    LGS's use of Pathway's registered EGLASS and HOVERCAM trademarks in connection with the sale, offering for sale, or advertising of eGlass lightboards is likely to cause confusion or mistake or deceive consumers as to the source of origin of those goods in violation of Cal. Bus. & Prof. Code § 14320 and the common law of the State of

1  California.

2    62. As a result of LGS's violation of Cal. Bus. & Prof. Code § 14320, Pathway

3  has suffered and continues to suffer irreparable harm for which it has no adequate remedy

4  at law.

5  **<u>FOURTH CLAIM FOR RELIEF</u>**

6  **<u>(UNFAIR COMPETITION UNDER CALIFORNIA LAW)</u>**

7    63. Pathway repeats, realleges, and incorporates by reference the allegations

8  contained in the previous paragraphs of this Complaint as though fully set forth herein.

9    64. LGS's unauthorized use of Pathway's EGLASS, HOVERCAM, and

10 PATHWAY trademarks in connection with its advertising, offering for sale, and selling of

11 eGlass lightboards constitutes unfair competition as defined by Cal. Bus. & Prof. Code §

12 17200.

13   65. LGS's acts as alleged herein have damaged and will continue to damage

14 Pathway's goodwill and reputation and have resulted in the unjust enrichment of LGS in

15 an amount yet to be determined.

16   66. LGS's acts as alleged herein have caused Pathway irreparable injury. As a

17 result, Pathway is entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

18 **<u>FIFTH CLAIM FOR RELIEF</u>**

19 **<u>(COMMON LAW UNFAIR COMPETITION)</u>**

20   67. Pathway repeats, realleges, and incorporates by reference the allegations

21 contained in the previous paragraphs of this Complaint as though fully set forth herein.

22   68. Pathway's use of EGLASS, HOVERCAM, and PATHWAY in connection

23 with lightboards predates LGS's use of "eGlass," "HoverCam," and "Pathway" on or in

24 connection with lightboards.

25   69. LGS's use of Pathway's EGLASS, HOVERCAM, and PATHWAY

26 trademarks or confusingly similar variations thereof is likely to cause confusion as to the

27 source of LGS's eGlass lightboards and, as such, constitutes acts of unfair competition in

28 violation of the common law of the State of California.

70.   As a result of LGS's violation of California common law, Pathway has suffered and continues to suffer irreparable harm for which it has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Pathway prays that the Court award relief as follows:

A.   That judgment be entered in favor of Pathway on all counts;

B.   That LGS and its agents, servants, employees, attorneys, and those acting in concert or participation with them or any of them be permanently enjoined and restrained:

(i)   from infringing Pathway's EGLASS, HOVERCAM, and PATHWAY trademarks in connection with the advertising, offering for sale, and sale of lightboards;

(ii)   from falsely representing or suggesting in any fashion to any third party that LGS or its products are affiliated or sponsored by Pathway; and

(iii)   from otherwise competing unfairly with Pathway;

E.   That LGS be ordered, under 15 U.S.C. § 1116(a), to file with the Court and serve on Pathway within thirty (30) days of the entry of the injunction prayed for herein, a report in writing, under oath, setting forth in detail the form and manner in which LGS has complied with the permanent injunction;

F.   That pursuant to 15 U.S.C. § 1118, all labels, signs, prints, packaging, business stationery, advertising, and the like in the possession, control, or custody of LGS, which might, if used, violate the injunction granted herein, be delivered up and destroyed as the Court shall direct;

G.   That LGS be required, pursuant to 15 U.S.C. § 1117 and California state law, to account to Pathway for any and all profits derived by LGS in connection with the sales of eGlass lightboards, including but not limited to the $135,418 in profits related to the 90 unpaid for eGlass lightboards described above, and for $5,000,000 in damages sustained by Pathway because of LGS's acts complained herein;

H.   That pursuant to 15 U.S.C. § 1117(b), the Court treble the damages awarded

to Pathway;

    I.     That Pathway be awarded punitive damages;

    J.     That pursuant to 15 U.S.C. § 1117, Pathway recover from LGS, Pathway's reasonable attorneys' fees, costs, and disbursements of this civil action, in view of the deliberate and willful nature of LGS's infringement; and

    K.    That Pathway have such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Pathway respectfully demands trial by jury on all issues triable by jury.

Respectfully submitted,

Dated: May 17, 2022        By:   /s/ Mary Grace L. Jalandoni

Trevor Q. Coddington
Mary Grace L. Jalandoni
Insigne PC
5650 El Camino Real, Suite 130
Carlsbad, CA 92008
Phone: (858) 227-6633
Fax: (858) 504-6633

*Attorneys for Plaintiff*,
Pathway Innovations Inc.